UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN THOMAS ENTLER,

                Plaintiff,

   v.

ELDON VAIL

               Defendant.

No. 08-5695FDB/JRC

REPORT AND RECOMMENDATION

NOTED FOR:
May 29, 2009

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4. Plaintiff is proceeding *in forma pauperis* (Dkt. # 4).

## FACTS

Plaintiff is a Washington State inmate. Plaintiff names the Secretary of the State of Washington Department of Corrections as the sole defendant in this action. Plaintiff alleges that in June of 2006 Plaintiff was notified by prison personnel that he was being moved to McNeil

Report and Recommendation- 1

Island and that he had ninety days to ship his property or it would be donated or destroyed (Dkt. # 5, affidavit of Entler page 1 paragraph 1). Plaintiff alleges he applied for access to his prison mandatory savings to ship the material, but his application was eventually denied by prison officials – not Defendant Vail. Mr. Vail's predecessor, Harold Clarke, was Secretary of the Department of Corrections at the time this alleged incident occurred. (Dkt. # 5, affidavit of Entler page 2 paragraph 6). Plaintiff filed an action in Thurston County Superior Court for a review of the State's decision not to allow him to access his mandatory prison savings. Mr. Entler also asked the Superior Court to serve his petition for review by mail. Thurston County Superior Court Judge Paula Casey, who is not named as a defendant, denied the motion to serve the petition by mail, but also entered an ex-parte restraining order that temporarily prevented destruction of the property at issue (Dkt. # 5, affidavit of Entler page 2 paragraphs 8 and 9).

In January of 2007, plaintiff again sought to have the petition served by mail. Thurston County Superior Court Judge Gary Tabor, who similarly is not a named defendant in this action, denied that motion (Dkt. # 5, affidavit of Entler page 3 paragraph 11). According to plaintiff the case was later dismissed for lack of service. Plaintiff brings this action claiming denial of access to courts because the Department of Corrections does not provide service of process for incarcerated persons.

Plaintiff also alleges that on January of 2007, he was scheduled for a 9:00 a.m. telephonic hearing with the Thurston County Superior Court. Plaintiff asked his work supervisor in the state penitentiary for the day off. Plaintiff normally worked from 4:00 a.m. until 10:00 a.m. Plaintiff had directed his request to the wrong person. Apparently, Plaintiff had not properly sought nor received permission from custody staff, who are responsible for making these decisions. The day before the telephonic hearing, plaintiff allegedly informed two Correctional

Report and Recommendation- 2

Officers that he would not be going to work the next day. At 10:00 p.m. the Correctional Officers allegedly informed him that he would be infracted if he did not go to work.

Despite this warning, Plaintiff did not go to work and he was given a major infraction (Dkt. # 5, affidavit of Entler page 4 paragraph 4). The telephonic hearing lasted 3 minutes -- from 9:00 a.m. until 9:03 a.m. Apparently, the Superior Court had decided a hearing was not needed. At the subsequent major infraction hearing, Plaintiff explained the steps he had taken to attend the hearing and the hearing officer reduced the major infraction to a minor infraction, "unexcused absence from work." Plaintiff was given five days cell confinement for not going through proper procedures (Dkt. # 5, affidavit of Entler page 5 paragraph 7).

Plaintiff attempted to file an action in Pierce County Superior Court challenging the minor infraction as arbitrary and capricious (Dkt. # 5, affidavit of Entler page 1 paragraph 1). Mr. Entler does not state what the disposition of this case is, but he makes the conclusory statement that he is unable to pursue his claims because DOC does not provide "services and supplies to serve DOC with personal service necessary to pursue my valid claims." (Dkt # 5, affidavit of Entler page 6 paragraph 13). Mr. Entler again sues the Secretary of the Department of Corrections for denial of access to courts.

Having reviewed the complaint, the motion to dismiss, the response, the reply, and the surreply, the court recommends that the current complaint be dismissed. The court is aware that Plaintiff has asked for leave to amend or voluntarily dismiss the complaint, (Dkt. # 12, page 20), but the proposed amendment will not cure the defect in the original complaint. The Department of Corrections has no duty under the United States Constitution to provide service of process for inmates. This court recommends dismissal. The dismissal would be for failure to state a claim and would count as a strike pursuant to 28 U.S.C. 1915 (g).

Report and Recommendation- 3

## STANDARD OF REVIEW

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) has modified the standard of review. Under the old standard, a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) if plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing, Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).

The Supreme Court in Bell espouses that to apply the language from the earlier Gibson case literally eviscerates the possibility of a Rule 12 dismissal. Fed. R. Civ. P. 12 motions to dismiss may be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true

Report and Recommendation- 4

(even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## DISCUSSION

1. <u>Access to courts</u>.

Plaintiff argues the Department of Corrections is obligated to provide service of process services so he can pursue his claims in state court. Plaintiff is attempting to file actions in state court challenging conditions of confinement. These actions are not filed as Personal Restraint Petitions under Washington's Rules of Appellate Procedure. When a Personal Restraint Petition is filed with the state court the court serves the petition and directs the respondent to file an answer. <u>See</u> Wash. R.A.P.16.8 (c) Instead, plaintiff in his state actions is attempting to impose personal liability on the named defendants.

It is well settled that the duty of the state to provide access to courts does not extend beyond the pleading stage. <u>Cornett v. Donovan</u>, 51 F.3d 894 (9th Cir. 1995). The court in <u>Cornett</u> stated:

> The Supreme Court cases discussing the constitutional right of access indicate that a state need provide assistance through the pleading stage. The right of access is designed to ensure that a habeas corpus petition or a civil rights complaint of a person in state custody will reach a court for consideration. Thereafter, the court has discretion to request that counsel represent indigent persons when the circumstances so warrant.

<u>Cornett,</u> 51 F.3d. at 896. Both of plaintiff's complaints reached the state courts. In <u>Cornett</u> the court addressed appointment of counsel and whether the right of access to courts required a state to provide legal assistance beyond the pleading stage. Once a pleading reaches a court, the court has discretion. This discretion includes the decision whether or not to order service of a summons and complaint on the defendants at court or government expense.

Report and Recommendation- 5

The right of access to courts is limited and does not guarantee a right to file any type of action in any forum. The tools required by the constitution are those needed to file an action attacking a sentence or conviction, or an action challenging conditions of confinement. Plaintiff in this case filed actions and he picked a state court forum. The state court has the discretion whether to order service at court expense or whether to require the plaintiff to pay for a process server. The state court exercised its discretion in not agreeing to provide service of process, and the exercise of that discretion cannot form the basis for a complaint in federal court.

In federal court, when a person is granted in forma pauperis status, the court attempts service by mail utilizing the United States Marshals Service or clerk office personnel.

The Tenth Circuit has stated that the right of access to court is limited to "completion of the complaint for a federal habeas or civil rights action." Nordgren v. Milliken, 762 F.2d 851 (10th Cir. 1985). This would imply that there is no obligation to allow state actions except as they relate to exhaustion of state issues for the purpose of habeas corpus.

This action fails to state a claim as plaintiff's complaints reached the state court and the complaints were considered. That tribunal exercised its discretion and did not order service at court expense. Of course, plaintiff had the option to pay for a process server or have the complaints and summons served by a person who was not a party to the actions. Plaintiff also had the option to bring his actions in Federal Court, but choose not to do so. For these reasons, this action fails to state a claim and should be dismissed pursuant to Rule 12 (b)(6)

2. <u>Frivolous actions</u>.

Defendant argues in the reply that the underlying state court actions were frivolous and therefore access to courts is not an issue because the right of access to courts does not encompass frivolous filings. The first state action was an alleged due process violation. Plaintiff allegedly

Report and Recommendation- 6

had funds to pay for shipping of his property in his mandatory savings account, but the Department of Corrections would not allow him access to those funds for that purpose. The court cannot state as a matter of law that this claim was frivolous.

The second state action dealt with a minor infraction where plaintiff was given 5 days cell confinement (Dkt. # 5). In the prison disciplinary system, the right to due process applies to protect a liberty interest  Wolff v. McDonnell, 418 U.S. 539 (1974). A prisoner has no federal or state protected liberty interest in due process when the sanction imposed as a result of a disciplinary proceeding neither extends the length of the sentence nor is atypical and significant in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472 (1995). A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). In this case, although plaintiff's claim is without merit, it does not rise to the level of being frivolous.

3. <u>Surreply.</u>

The motion to strike the reply brief should be denied because defendant was responding to issues raised by plaintiff in his response to the motion.

## CONCLUSION

This court recommends that the motion to dismiss for failure to state a claim should be GRANTED. Plaintiff should not be given leave to amend because the defect in the complaint cannot be cured by amendment. Plaintiff's motion to strike the reply brief should be DENIED, but defendants should provide Mr. Entler with a new copy of page five of the reply brief, as this page was apparently missing from the copy provided to plaintiff (Dkt # 13). This dismissal should count as a strike pursuant to 28 U.S.C. 1915(g) because it is recommended that the complaint be dismissed for failure to state a claim.

Report and Recommendation- 7

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 29, 2009,** as noted in the caption.

DATED this 5th day of May, 2009.

J. Richard Creatura
United States Magistrate Judge

Report and Recommendation- 8